IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-594-FL

| | | |
|---|---|---|
| CHERRY HARGROVE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNIVERSE EXPRESS INC. MOVING AND STORAGE, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter comes again before the court for consideration of plaintiff's motion for default judgment filed September 24, 2013 (DE 24). Prior order sets forth service processes, the case background, and issues presented at hearing most recently on September 17, 2013, where good cause was found for entry of preliminary injunction enjoining defendant from selling or disposing of plaintiff's household goods. Having found good cause to enter default against this defendant, and that entry being made, the court noticed September 25, 2013, in accordance with the Federal Rules of Civil Procedure, that it would consider the motion for default judgment (DE 24), to include permanent injunction, disgorgement of plaintiff's possessions, recovery of fees paid to defendant by plaintiff, propriety if any of additional damages or monetary sanction, and assessment of costs, on or after October 1, 2013. (DE 25).

On September 25, 2013, the clerk returned to David E. Tider, Esq., correspondence to the court dated September 17, 2013, attempting to offer argument. (DE 27). Reference was made to certain rules and stated policies, as well as the court's admonishments and directions to the attorney at hearing September 17, 2013, and as memorialized in subsequent order. (DE 22).

On September 26, 2013, while the court's order enjoining defendant remained in force and effect, defendant repeated its threat of disposal of plaintiff's goods. (DE 28). After receipt of service of temporary restraining order on August 27, 2013, the court earlier noted, defendant sent to plaintiff on August 30, 2013, a bill for storage costs which also threatened disposal of plaintiff's goods if not timely paid. (DE 19, Pl's Ex. 1).

On October 2, 2013, the clerk received message by telephone from Tider, making reference to some desire on the part of defendant to avoid judgment, and engage in settlement dialogue with plaintiff to resolve the issues in dispute. He indicated plaintiff had not responded to his reaching out to her, and Tider sought the clerk to intervene by providing to plaintiff his mobile telephone number (201) 951-8843. The court does not compel plaintiff to engage in dialogue with Tider; however, if plaintiff so wishes, she may contact him.

The issue before this court is plaintiff's entitlement to default judgment. Where Tider has made contact with the court professing to represent the defendant, but defendant has 1) taken no efforts to promote his appearance formally or to secure local counsel despite notice of necessity of same; 2) where this defendant has openly disregarded now on two occasions the court's orders enjoining defendant from engaging in conduct to dispose of plaintiff's goods by sending written statements to plaintiff threatening such action; and 3) where defendant has failed to respond, default having been entered, the court allows the motion and awards plaintiff a JUDGMENT by DEFAULT.

In accordance with this ORDER, JUDGMENT SHALL BE ENTERED:

Permanently restraining defendant from selling or disposing at auction or otherwise any and all of plaintiff's household goods;

Requiring defendant to deliver to plaintiff or her representative at an arranged location, on a confirmed date and time no later than twenty-one (21) days from date of entry of this order, at an agreed place and time where and when said goods safely may be transferred back into the custody of plaintiff by defendant in their original condition; and

Making defendant liable to return to plaintiff all fees paid by plaintiff to defendant in the total amount of $809.00, together with the costs of the action in the amount of $128.30, which total sum due and owing to plaintiff by defendant is $937.30.

The clerk shall serve a copy of this order upon the parties, and, additionally, provide a courtesy copy to Tider. Plaintiff shall provide written confirmation to the court of her receipt timely of her goods in their original condition, together with her receipt of the sum of $937.30, within fourteen (14) days from date of that recovery, due no later than twenty-one (21) days from date of entry of this order.

SO ORDERED, this the 2nd day of October, 2013.

LOUISE W. FLANAGAN
United States District Judge

3